IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPECTOR GADON ROSEN VINCI, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 22-905 |
| LOUIE AQUILINO & ROBIN AQUILINO | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                        **August 5, 2022**

The Defendants, Louie and Robin Aquilino move to dismiss the Complaint of the Plaintiff, Spector Gadon Rosen Vinci, P.C. (SGRV) for improper venue or, alternatively to transfer this matter to the United States District Court for the District of New Jersey. The Court finds venue in this district is proper and the facts in this matter do not necessitate transfer, and hence the Defendants' motion to dismiss or to transfer to the District of New Jersey shall be denied.

## FACTUAL BACKGROUND

This action arises out of the Plaintiff law firm's representation of Defendants, Louie and Robin Aquilino, in Chapter 7 bankruptcy and several related adversarial proceedings in the United States Bankruptcy Court for the District of New Jersey. In the course of that representation, which lasted nearly two years, the Aquilinos incurred a debt to SGRV for unpaid legal fees and costs in the amount of $229,342.63. On March 9, 2022, SGRV commenced suit in this Court for breach of contract, unjust enrichment and account stated to recover its unpaid fees and costs, plus interest. In so doing, it premised jurisdiction in this matter upon diversity of citizenship pursuant to 28 U.S.C. § 1332, and asserted that venue was proper in this district under 28 U.S.C. § 1391 because

1

this "is where the transactions and occurrences out of which the causes of action arose took place, including the formation of the agreement between the parties and the performance of the legal services at issue."  Compl. ¶¶ 7, 8, ECF No. 2.  SGRV is alleged to be "a Pennsylvania professional corporation organized for the practice of law with its principal place of business at 1635 Market Street, 7ᵗʰ Floor, Philadelphia PA," and the Aquilinos are adult individuals residing in Blackwood, New Jersey.  Compl. ¶¶ 4-6.

In lieu of an Answer, the Aquilinos filed this Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the Alternative to Transfer Pursuant to 28 U.S.C. § 1404(a).  ECF No. 8.  According to the motion, venue properly lies in the District of New Jersey -- not the Eastern District of Pennsylvania -- and thus Spector Gadon's Complaint should be dismissed.  Alternatively, they claim this action should be transferred to the U.S. District Court for the District of New Jersey.  In support, the Aquilinos note the three businesses which they own and which were also the subject of the bankruptcy proceedings, are all limited liability corporations with principal places of business in New Jersey.  The Aquilinos also attest that they do not own any property in Pennsylvania.  Exh. B. ¶ 2, ECF No. 8.

**LEGAL STANDARDS**

Under Rule 12(b)(3), a motion raising improper venue "must be made before pleading if a responsive pleading is allowed." Rule 12(b)(3) "allows dismissal only when venue is 'wrong' or 'improper.'"  *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for West. Dist. of Tex.,* 571 U.S. 49, 55 (2013)*.*  In contrast, 28 U.S.C. § 1404(a), provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Hence, "Section 1404(a) provides for the transfer of a case where both the original

2

and the requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

Venue is governed by 28 U.S.C. § 1391 and whether it is "wrong" or "improper" is determined by looking to see whether the case falls within one of the three categories set out in § 1391(b). *Atlantic Marine*, 571 U.S. at 56. Under subsection (b), "[a] civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Under this formulation, venue may be proper in more than one federal district in a given case. *Cottman Trans. Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994); *BABN Tech. Corp. v. Bruno*, 25 F. Supp. 2d 593, 597 (E.D. Pa. 1998).

In deciding a motion to dismiss for improper venue under Rule 12(b)(3), all of the allegations in the complaint are to be accepted as true, unless those allegations are contradicted by the defendant's affidavits. *Stursberg v. Morrison Sund, Pllc*, No. 20-1635, 2020 U.S. Dist. LEXIS 233042 at *44 (E.D. Pa. Dec. 11, 2020) (citing *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158, n.1 (3d Cir. Jan. 9, 2012)). "Unlike jurisdictional challenges, when challenging venue, the *defendant* bears the burden of showing improper venue." *Id.* (citing *Bockman*, at 160) (emphasis in original); *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). As a general rule, venue must be proper as to each claim, but where a plaintiff's claims share a common nucleus of operative facts, courts may exercise pendent venue over the several claims. *Byrd v. Johnston*,

No. 07-2963, 2007 U.S. Dist. LEXIS 91866 at *10 (E.D. Pa. Dec. 14, 2007). "Pendent venue is especially appropriate where the causes of action have identical parties and proof." *Id.* "The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Cottman*, 36 F.3d at 294. "It is appropriate when determining venue for a court to ascertain which of the defendant's acts or omissions gave rise to the claim, and of those acts or omissions, which of them took place in the Eastern District of Pennsylvania." *Leone v. Cataldo*, 574 F. Supp. 2d 471, 484 (E.D. Pa. 2008) (citing *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005)).

In determining whether "substantial" events or omissions took place in a particular district, it is also important to consider the nature of the litigation itself. *Kalman v. Cortes*, 646 F. Supp. 2d 738, 742 (E.D. Pa. 2009). "Incidental" events such as correspondence and phone calls directed into a district may be insufficient, without more, to provide a basis for venue to lay. *Warren Hill, LLC v. Neptune Invest., LLC,* No. 20-452, 2020 U.S. Dist. LEXIS 78685 at *11 - *12 (E.D. Pa. May 5, 2020). Further, in ascertaining whether a substantial part of the acts giving rise to a contract claim occurred in a district, a court should consider where the contract was negotiated, executed and performed, and where the breach occurred. *Liberty Mut. Ins. Co. v. Universal Enters.,* No. 09-3591, 2009 U.S. Dist. LEXIS 151474, at *11 (E.D. Pa. Dec. 2, 2009).

Similarly, the burden of establishing the need for transfer under § 1404(a) rests with the party seeking it. *Jumara,* 55 F.3d at 879. "Factors the court must consider include the three enumerated under the statute – convenience of the parties, convenience of the witnesses, and the interests of justice – along with all other relevant private and public factors, including the plaintiff's choice of forum and the local interest in deciding local controversies close to home." *In re McGraw-Hill Global Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018). "Factors relating to

the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Atlantic Marine*, 571 U.S. at 62, n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981)).  "Public interest factors may include 'the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.*  "The court also must give some weight to the plaintiff's choice of forum." *Id*. (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955)).[1]

**DISCUSSION**

As noted, Spector Gadon asserts venue in this matter is proper under §1391(b)(2) because this district "is where the transactions and occurrences out of which the causes of action arose took place." Compl. ¶ 8.  In support of this assertion, it has provided a Declaration from Leslie Beth Baskin, Esquire, one of its members and the lead attorney representing the Aquilinos in their bankruptcy proceedings in New Jersey.  Exh. B, ECF No. 10.  In that Declaration, Ms. Baskin attests that she, like all of the members of the firm's executive committee and "a large majority of

---

[1]    While slightly different, the Third Circuit's formulation of the private and public interests to be considered on § 1404(a) motions is consistent with that outlined by the Supreme Court.  As articulated in *Jumara*: "the private interests have included: plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, at 879.  "The public interests have included: the enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases." *Id.*

its attorneys," work out of SGRV's principal place of business in Philadelphia.  *Id.* ¶8.  The Philadelphia office is where Baskin met the Aquilinos for the first and only time at the outset of her representation, and where the relevant documents were reviewed and prepared, "all communications regarding Defendants' representation came out of," and where "the few payments Defendants made" were sent.  *Id.* ¶¶ 3, 9, 12, 13.  The Baskin Declaration further states that "SGRV is a Pennsylvania professional corporation organized for the practice of law," which "[i]n addition to its main office in Philadelphia … operates satellite offices in New Jersey and New York."  *Id.* ¶ ¶ 3, 4.  However, "[t]he New Jersey and New York offices are not used to provide extensive services to SGRV's clients.  Rather, SGRV operates these offices to be able to practice law in the respective jurisdictions, which require an attorney to have an office in the jurisdiction to practice."  *Id.* ¶ 5. "SGRV also operates an office in Florida, which is a standalone office with an experienced team of healthcare attorneys and professionals who mainly dispense advice and legal representation to clients in the areas of professional negligence and malpractice litigation," but none of whom "provided services to Defendants."  *Id.* ¶ ¶ 6, 7.  Ms. Baskin's representations essentially mirror the information on SGRV's website, which provides that SGRV "represents business and commercial law clients nationally and internationally from its offices in Philadelphia, New Jersey, Florida, and New York."  www.sgrvlaw.com/firm-overview.

Although they assert venue in this district is improper "because the substantial part of the events or omissions giving rise to Plaintiff's claim occurred in New Jersey," the Aquilinos nevertheless do not dispute or challenge in any manner the truthfulness or accuracy of the representations in the Baskin Declaration.[2]   As it must, the Court therefore accepts these

---

[2]  In his Declaration Pursuant to 28 U.S.C.  §1746, Louis Aquilino attests only as to the New Jersey residency of himself, his wife and their three businesses and to the allegedly erroneous legal advice given them in regard to the bankruptcy filings by SGRV.  Exh. B, ECF No. 8.

representations, as well as the averments set forth in the Complaint, as accurate and finds they establish that venue is proper in this district with respect to all three counts inasmuch as the breach of contract, unjust enrichment and account stated claims all arise out of the same set of operative facts.  Because venue is proper here, the motion to dismiss under Rule 12(b)(3) must be denied.

However, while venue is proper in the Eastern District of Pennsylvania, it is also proper in the District of New Jersey under § 1391(b)(1),  as New Jersey is where the Defendants reside.  "A defendant moving for transfer of venue must show that (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties; and (3) the proposed transfer will be in the interest of justice."  *Unlimited Tech., Inc. v. Leighton*, 266 F. Supp. 3d 787, 795 (E.D. Pa. 2017).   Inasmuch as this case clearly could have been initially filed in the District of New Jersey, in determining whether convenience and the interests of justice would be best served by transfer, the Court turns now to consider the relevant private and public interest factors.  Bearing in mind the plaintiff's choice of forum is entitled to "paramount consideration," the Court has broad discretion in analyzing these factors and deciding a motion to transfer venue.  *Id.* at 796 (citing *Stewart Org., Inc. v. Ricoh*, 487 U.S. 22, 29 (1988) and *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 24-25 (3d Cir. 1970)).

In assessing these factors, the Court begins with the preferences of the parties by noting both SGRV and the Aquilinos wish to litigate this matter in their home districts.  In such instances, "a tie usually goes to the plaintiff whose choice of forum 'should not be lightly disturbed,'" but this choice "receives less weight 'when the dispute at the heart of a lawsuit occurred almost entirely in another state.'"  *Gaetano v. Gilead Scis., Inc.*, No. 21-1418, 2021 U.S. Dist. LEXIS 140689, at *6 (D.N.J. July 27, 2021); *SPCK USA, Inc. v. Precision Couplings, LLC*, No. 18-10256, 2019 U.S. Dist. LEXIS 1624, at *12 (D. N.J. Jan. 4, 2019).  The Aquilinos argue the bankruptcy and

adversarial proceedings in which they and their New Jersey businesses are all represented by SGRV are ongoing in the District of New Jersey.  A review of the New Jersey Bankruptcy Court docket, however, reflects that all of the adversary actions have now been settled and closed, and the only proceeding to remain pending in the New Jersey Bankruptcy Court is the one initially filed by SGRV on the Aquilinos' behalf.  Exh. J, ECF No. 8.  While the heart of this dispute concerns the Aquilinos' failure to pay SGRV for the services it provided to them in that proceeding, it is not disputed that those services were provided in the legal proceedings in New Jersey.  Thus, while SGRV may have prepared correspondence, documents and other materials in Pennsylvania, it is reasonable to conclude that most, if not all of these prepared materials were submitted to and/or filed with counsel and the courts in New Jersey.  As the dispute at the heart of this action therefore occurred in both Pennsylvania and New Jersey, the Court finds insufficient grounds to overcome the "tie" between the parties.  SGRV's forum preference is entitled to greater weight.

Looking at other private interest factors, the New Jersey bankruptcy proceedings are ongoing in the Vicinage of Camden, which is located less than three miles from the U.S. District Court for the Eastern District of Pennsylvania, and it is to the District Court in Camden that the Aquilinos wish to transfer this action.  The Aquilinos reside in Blackwood, NJ which is only eleven miles from the Federal Courthouse in Camden, but just fourteen miles from the Federal Courthouse in Philadelphia.  https://maps.google.com.  Although the Delaware River separates the two forums, the journey to either is easy via the Benjamin Franklin Bridge or mass transit, and hence either court is as convenient to the parties, witnesses and attorneys as is the other.  The expense of travelling from Philadelphia to Camden is obviously negligible and, because the distance between the two jurisdictions is well below 100 miles, any problems which may arise in compelling a witness to comply with a subpoena would be the same regardless of whether it was issued from

the District of New Jersey or the Eastern District of Pennsylvania.  *See* Fed. R. Civ. P. 45(c)(1)(A).

And, while it is evident the Aquilinos are in far more precarious financial circumstances than is

SGRV, given their proximity to Philadelphia, the Court cannot find they would be financially

harmed by having to travel three miles further to defend this case.

In addition, neither party has made any argument or showing that they would be hampered

in the production of books, records, documents or other evidence should they be forced to travel

outside of their home district.  In any event, when documents can be easily transported and/or

photocopied, their location is entitled to little weight.  *In re Laidlaw Sec. Litigation*, No. 91-1829,

1991 U.S. Dist. LEXIS 11950, at *6 - *7 (E.D. Pa. Aug. 27, 1991).  The Court thus finds the

interests of the parties in litigating this matter expeditiously and inexpensively, in a forum

convenient to both themselves and their respective witnesses, and in resolving controversies close

to home would be served equally as well in either New Jersey or Philadelphia.  Consequently,

these factors are in equipoise and the Court finds they do nothing to warrant disturbing the

Plaintiff's selection of this district as the forum to adjudicate this case.

Turning next to the public interest factors, for the twelve-month period between March

2021 and March 2022, records from the Administrative Office of the U.S. Courts show there were

957 civil cases filed in the District of New Jersey and 272 filed in the Eastern District of

Pennsylvania.  The median time from initial filing to final disposition of such civil matters was 8.4

months in the District of New Jersey in contrast with 6.7 months in the Eastern District of

Pennsylvania.  *See*  www.uscourts.gov/statistics/table/na/federal-court-management-

statistics/2022/03/31-3.  The relative administrative challenges resulting from court congestion

thus militate in favor of keeping this matter in the Eastern District of Pennsylvania.  Any concerns

with the ability of the trial judge to apply the applicable state law in this case are unwarranted.

Indeed, it has long been recognized "that federal district courts are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit," and that "disturbing [a] Plaintiff's choice of forum in order to spare [a] court the trouble of interpreting [the law of another state] is simply not called for." *Yocham v. Novartis Pharms. Corp.*, 565 F. Supp. 2d 554, 560 (D.N.J. 2008) (citing *Jumara*, 55 F. 3d at 880).   Both this district and the District of New Jersey have interests in resolving matters involving their residents and "it is undisputed that a judgment obtained in [either] district … will be equally enforceable." *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 340 (D. N.J. 2003).

In assessing and weighing the relevant private and public interest considerations and convenience factors, the Court finds they militate in favor of this matter remaining in the Eastern District of Pennsylvania.  In view of the close proximity between this district and the proposed transferee district, the Court simply does not find sufficient grounds exist to justify disturbing SGRV's choice of forum.  The Aquilinos' motion is therefore denied in its entirety.

An appropriate Order follows.

BY THE COURT:


/s/ Juan R. Sánchez
_____
Juan R. Sánchez,      C.J.