IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPECTOR GADON ROSEN VINCI P.C, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LOUIE AQUILINO, *et al*. | : | |
| | : | No. 22-00905 |
| Defendants. | : | |

### Memorandum Opinion

**PAMELA A. CARLOS**                                                                            August 12, 2024
**U.S. MAGISTRATE JUDGE**

    This case is an action brought by Plaintiff Spector Gadon Rosen Vinci P.C. ("SGRV") to collect unpaid legal fees and costs that SGRV incurred when performing legal services on behalf of Louie Aquilino and Robin Aquilino ("Defendants"). According to the Complaint, Defendants have an outstanding balance in excess of $200,000 in attorneys' fees and costs in connection with SGRV's representation of the Defendants in a Chapter 7 bankruptcy filed in the U.S. Bankruptcy Court, District of New Jersey.

    Since initiating this suit, several significant developments have occurred in the parallel bankruptcy proceedings. First, the Honorable Jerrold N. Poslusny of the bankruptcy court entered a memorandum decision granting Defendants' Motion for Review and ordered SGRV to disgorge all fees it collected in connection with the bankruptcy case. Given this, Defendants moved for summary judgment in the instant matter, arguing that Judge Poslusny's findings collaterally estopped SGRV from pursuing its collection action. SGRV filed a Notice of Appeal to the U.S. District Court for the District of New Jersey seeking to overturn Judge Poslusny's opinion, thus

1

prompting this Court to enter an Order denying Defendants' summary judgment motion without prejudice and staying the proceedings until after the Parties received a ruling on the appeal. On March 30, 2024, the District Court reversed Judge Poslusny's ruling and held that SGRV had a Seventh Amendment right to a jury trial on its collection claims. Given these developments, and following a request by SGRV, the Court lifted the stay on the collection action. Since then, however, Defendants filed a Notice of Appeal to the Third Circuit, seeking to vacate the District Court's decision and to reinstate Judge Poslusny's opinion.

Presently before the Court is Defendants' request for a stay pending the resolution of their appeal before the Third Circuit. For the reasons that follow, Defendants' request is granted, and the matter is stayed.

I. **BACKGROUND**[1]

Plaintiff SGRV initiated this lawsuit on March 9, 2022. *See* Doc. No. 2. In relevant part, the Complaint alleges that SGRV was engaged by Defendants in March 2020 to represent them in connection with their Chapter 7 bankruptcy proceedings in the U.S. Bankruptcy Court, District of New Jersey. *See id.* at ¶¶ 2, 9. Plaintiff alleges that as of the filing of the Complaint, Defendants had an outstanding balance of approximately $229,000 in attorneys' fees and costs in connection with its representation of the Defendants in the bankruptcy proceedings *See id.* at ¶ 2. Just two days later, on March 11, 2022, SGRV moved for summary judgment arguing that there were no material facts in dispute, and that SGRV was entitled to judgment as a matter of law on its breach of contract claim. *See* Doc. No. 3.

---

[1] The Background facts and procedural history referenced herein are provided solely to resolve Defendants' instant request for a stay of the proceedings. The Court makes no findings concerning the alleged conduct of either of the Parties.

On April 11, 2022, Defendants moved to dismiss the Complaint for improper venue or, in the alternative, to transfer the action to the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. §1404(a), and for a stay of the proceedings on Plaintiff's summary judgment motion. *See* Doc. 8. On April 25, 2022, Defendants also filed their response in opposition to the summary judgment motion. *See* Doc. No. 9.

After the matter was fully briefed, this Court entered an Order on July 25, 2022 denying SGRV's summary judgment motion without prejudice, explicitly noting that Plaintiff filed its motion just two days after filing its Complaint, and that Defendants provided evidentiary materials to support their assertions regarding the propriety of the legal advice provided by Plaintiff and as to the reasonableness of the claimed fees. *See* Doc. No. 14.  Shortly thereafter, on August 5, 2022, the Court denied Defendants' motion to dismiss for improper venue, and declined to transfer the proceedings. *See* Doc. Nos. 15, 16.[2]

---

[2] SGRV suggested that Judge Sanchez found that the Defendants' pending bankruptcy "was wholly irrelevant to SGRV's action for non-estate assets," when he determined that the appropriate forum for this action is in the Eastern District of Pennsylvania. *See* Doc. No. 42 at 2. But SGRV does not cite to any portion of Judge Sanchez's opinion to support this assertion, and it appears to be overstated.

Judge Sanchez observed that as of the date of his opinion, all of the adversary actions appeared to have been settled and closed with the only proceeding to remain pending in the bankruptcy court is the one initially filed by SGRV on the Aquilinos' behalf. *See* Doc. No. 15 at 8. However, he did *not* make any findings regarding the "relevance" of the instant action versus the bankruptcy proceedings. Rather, Judge Sanchez noted that both SGRV and the Aquilinos "wish[ed] to litigate this matter in their home districts," and under these circumstances, "a tie usually goes to the plaintiff whose choice of forum should not lightly be disturbed." *See id.* at 7 (internal quotes and citations omitted).  Judge Sanchez explained, "[a]s the dispute at the heart of this action ... occurred in both Pennsylvania and New Jersey, the Court finds insufficient grounds to overcome the 'tie' between the parties," and therefore, "SGRV's forum preference is entitled to greater weight." *See id.* at 8. Indeed, Judge Sanchez further observed that "[t]he relative administrative challenges resulting from court congestion [with the U.S. District Court of New Jersey] thus militate in favor of keeping this matter in the Eastern District of Pennsylvania." *See id.* at 9.

On August 10, 2022, Defendants filed a Motion for Review of Attorney Compensation Pursuant to Section 329 and Bankruptcy Rule 2016 ("Motion for Review") with the New Jersey bankruptcy court. *See* Doc. No. 41-7 (referred to as "Exhibit F" in Defendants' request for a stay of the proceedings). The Motion for Review asked the bankruptcy court to determine "whether or not SGRV had proper Fee Agreements with the Debtors [i.e., the Defendants] and to review SGRV's detailed billing to determine the appropriateness of the fees/expenses and whether or not they are excessive/unreasonable." *See* Doc. No. 41-7 at ¶ 19. The Motion for Review also argued that SGRV's collection action in the Eastern District of Pennsylvania violated 11 U.S.C. § 362, which provides for an automatic stay of collection proceedings against parties who have filed for bankruptcy. *See id.* at ¶ 17.

Defendants then simultaneously filed its Answer to the Complaint and a Motion to Stay the proceedings before this Court on August 19, 2022. *See* Doc. Nos. 18 and 19. Defendants explicitly cited to its pending Motion to Review before the bankruptcy court, and argued that the pertinent balance of factors weighed in favor of staying the matter. *See* Doc. No. 19.

On September 14, 2022, Judge Sanchez denied Defendants' Motion to Stay, explaining that SGRV is entitled to a jury trial on its collection claim, and explaining that its interests would be prejudiced if this Court deferred to a decision from the bankruptcy court. *See* Doc. No. 22. Judge Sanchez explained that the Court's decision to grant a stay fell within its discretionary powers, and on balance, the pertinent factors weighed against a stay. *See id.* Importantly, Judge Sanchez explained that SGRV is not a party to the bankruptcy case so the parties are not aligned, and he expressed doubt on Defendants' suggestion that the bankruptcy court would move quickly on their motion. *See id.*

That same day, Defendants filed a Motion to Disgorge Attorneys Fees ("Motion to Disgorge"), which asked the bankruptcy court, in relevant part, to find that SGRV violated several sections of the bankruptcy code by failing to provide the requisite disclosures, and to disgorge the firm of any fees it may otherwise be due. *See* Doc. No. 41-9 (referred to as "Exhibit H" in Defendants' request for a stay of the proceedings).

Following the close of briefing on the matter, together with a hearing before Judge Poslusny, the bankruptcy court entered a memorandum decision granting Defendants' Motion for Review and ordering SGRV to disgorge all fees it collected in connection with the bankruptcy case. *See* Doc. No. 41-10 (referred to as "Exhibit I" in Defendants' request for a stay of the proceedings). Given these findings, Defendants filed a motion for summary judgment with this Court on February 17, 2023, arguing that Judge Poslusny's decision collaterally estopped SGRV from pursuing the collection action. *See* Doc. No. 26. SGRV opposed the motion, noting that it had filed an appeal of the bankruptcy court's order, and therefore, it cannot constitute a final judgment on the merits under which the doctrine of collateral estoppel can apply. *See* Doc. No. 29.

On March 24, 2023, this Court denied Defendants' summary judgment motion without prejudice and stayed the proceedings pending the U.S. District Court of New Jersey's resolution of Plaintiff's appeal. *See* Doc. No. 32. Unlike his earlier Order denying Defendants' request for stay, Judge Sanchez's Order explicitly noted that the issues between the instant collection action and Plaintiff's appeal before the New Jersey district court "aligned," and because the validity of that judgment had been called into question by SGRV's appeal, a stay of the proceedings was appropriate. *See id.*

On March 30, 2024, the District Court of New Jersey reversed Judge Poslusny's ruling and held that SGRV had a Seventh Amendment right to a jury trial on its collection claims. *See* Doc.

5

No. 41-13 (referred to as "Exhibit L" in Defendants' request for a stay of the proceedings). The district court observed that SGRV consistently asserted that it was only seeking "post-petition" attorneys' fees and costs and it only sought to recover said fees from "non-bankruptcy assets." *See id.* at 12. Indeed, the court explained that Defendants "cannot leverage the Bankruptcy Code to drag Spector Gadon's claims into their preferred forum," and they cannot compel it to forfeit its right to a jury trial on those claims. *See id.* at 13-14.

On April 1, 2024, SGRV promptly notified Judge Sanchez of the district court's decision, *see* Doc. No. 33, and the Court lifted the stay. *See* Doc. No. 34. On April 30, 2024, Defendants then filed a Notice of Appeal to the Third Circuit arguing that the court of appeals should reinstate the bankruptcy court's decision, which held that SGRV must disgorge its fees. *See* Doc. No. 41 at 8; Doc. No. 41-14 (referred to as "Exhibit M" in Defendants' request for a stay of the proceedings).

On May 8, 2024, the Parties filed their consent to jurisdiction before a U.S. Magistrate Judge, *see* Doc. No. 36, and the matter was reassigned to the undersigned for all remaining proceedings. *See* Doc. No. 37. Following a Rule 16 Scheduling Conference before the undersigned, the Court directed the Defendants to file their motion to stay the instant proceedings, and any accompanying memorandum of law, by no later July 1, 2024. *See* Doc. No. 39. Defendants complied, and filed the instant request on June 28, 2024. *See* Doc. No. 41. SGRV thereafter filed its response in opposition on July 12, 2024. *See* Doc. No. 42.

The matter is now ripe for disposition.

## II.     DISCUSSION

A district court's inherent authority to issue a stay pending the resolution of another action in federal court has already been addressed by this Court on two separate occasions—first, when Judge Sanchez denied Defendants' initial motion for a stay on September 14, 2022, *see* Doc. No. 22, and then again, when Judge Sanchez stayed the proceedings pending Plaintiff's appeal of the

bankruptcy court's ruling to the District of New Jersey. *See* Doc. No. 32. In doing so, Judge Sanchez cogently explained the pertinent legal standard, and the undersigned independently confirmed that district courts in this circuit consistently recognize that this is a discretionary matter, and courts must balance several competing interests, including the three factors recited herein.

For example, Judge Sanchez explained that "District Courts possess broad power to stay proceedings, which is incidental to the power of every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel and for litigants." *See* Doc. 22 (citing *Bechtel Corp. v. Laborers' Int'l. Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). Indeed, this power is reflected in longstanding Supreme Court and Third Circuit precedent. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983). Judge Sanchez further explained that "[d]etermining whether to stay an action requires the court to balance competing interests," which may include whether the actions involve the same parties, same issues, or are pending in the same court. *See* Doc. No. 19 at n.1. (*quoting Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 542 (D.N.J. 2008). The Third Circuit has also held, "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp.*, 544 F.2d at 1215. (citation omitted).

In this regard, "[w]hen deciding a motion to stay proceedings pending the resolution of another action in federal court, courts have considered three factors: '(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay.'" *Cirulli v. Bausch & Lomb, Inc.*, 2009 WL 545572, at *2 (E.D. Pa. Mar. 4, 2009) (quoting *Ciolli v. Iravani*, 2008 WL 4412053, at *2 (E.D. Pa. Sept. 23, 2008)); *see also Waldecker v. Hyperspring, LLC*,

2022 WL 2719469, at *1 (W.D. Pa. June 3, 2022) (reciting the same standard); *Nicolas v. Trustees of Princeton Univ.,* 2017 WL 6514662, at *2 (D.N.J. Dec. 20, 2017) (same).

As explained in more detail below, I find that analysis of these factors supports Defendants' request for a stay.[3]

### A.  Judicial Economy

The Court finds first that a stay furthers the interests of judicial economy.

Defendants maintain that the "central issue in the pending appeal [before the Third Circuit] is whether Judge Poslusny was empowered to review SGRV's compensation and impose sanctions for violations of the Bankruptcy code, or whether the Seventh Amendment right to a jury trial

---

[3]  Given that Judge Sanchez had already addressed this issue, it is concerning that the Parties completely disagree over how the undersigned should assess the latest request for a stay, and it is not clear why Plaintiff is now advancing a much more stringent standard. Contrary to this Court's prior explanations, SGRV insists that a request for a stay pending appeal is an "extraordinary" remedy and that Defendants failed to carry their "heavy burden" in seeking one. *See* Doc. No. 42 at 6. According to SGRV, the relevant factors for the Court to consider include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See id.* (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009); *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015)).

But Plaintiff's reliance on *Nken* is misplaced. The issue before this Court now is whether it should stay Plaintiff's collection action pending the resolution of another action in federal court. By contrast, the issue before the Supreme Court in *Nken* involved a statutory provision of the immigration code that sharply restricted the circumstances under which a court may issue an injunction blocking the removal of an alien from this country. *Id.* at 422. The *Nken* Court addressed an entirely different factual and procedural predicate. Plaintiff's reliance on the Third Circuit's ruling in *In re Revel AC, Inc.* is also misplaced. In that case, the Third Circuit was asked to review the district court's decision to deny a request for a stay of the bankruptcy court's order authorizing the sale of the debtor's property. *In re Revel AC, Inc.*, 802 F.3d at 565. In other words, the Third Circuit was asked to consider whether a stay of the bankruptcy order *in the underlying proceedings* was warranted. Unlike the instant dispute, this did *not* involve two parallel proceedings.

In short, SGRV has not argued that Judge Sanchez's earlier Orders were incorrect, nor have they provided a satisfactory explanation as to why this Court should now analyze this issue any differently.

nullifies the Bankruptcy Court's authority to review attorney compensation and impose sanctions of the Bankruptcy code." *See* Doc. No. 41 at 8. Given this, Defendants argue that the outcome of their appeal will substantially affect or potentially be dispositive of the issues in SGRV's instant collection action. *See id.* Indeed, Defendants maintain that "[i]f this case proceeds parallel to the Third Circuit appeal, there is a legitimate possibility that the parties would find themselves subject to two opposing judgments, one holding that SGRV is entitled to collect $229,000 from Defendants and one holding that SGRV is required to disgorge its fees." *See id.* at 10. The undersigned agrees.

However, SGRV argues that "two separate District Courts already definitively resolved whether SGRV should be able to pursue its collection action before a jury in this jurisdiction," and therefore, "there is no likelihood of inconsistent verdicts." *See* Doc. No. 42 at 8-9 (citing *Pennsylvania v. McGraw-Hill Cos.*, 2013 WL 1397434 (M.D. Pa. April 5, 2013)). Beyond this, however, SGRV failed to address the crux of Defendants' argument. A bankruptcy court initially held that SGRV was *not* entitled to the fees that it now seeks via the instant lawsuit. A district court thereafter reversed the bankruptcy court's order. Now, the Third Circuit will determine whether the district court or the bankruptcy court made the correct decision. Contrary to SGRV's assertion, the dispositive issues have not been "definitively resolved." Indeed, Judge Sanchez already once stayed this action while SGRV pursued its own appellate rights, and in doing so, explicitly noted that the issues between these two cases "align." *See* Doc. No. 32. The pertinent issues are still in alignment, and the risk of inconsistent verdicts absent a stay is apparent.

In short, allowing these two proceedings to proceed in parallel serves no one. "Absent a stay, the Court and the litigants would need to dedicate resources to litigating issues that may turn out to be moot." *Vonbergen v. Liberty Mut. Ins. Co.*, 2024 WL 1660537, at *2 (E.D. Pa. Apr. 17,

2024); *see also Stokes v. RealPage, Inc.*, 2016 WL 9711699, at *1 (E.D. Pa. Jan. 25, 2016) (concluding that "the interests of judicial economy would be furthered by a stay because, in the absence of a stay, the court and the parties would dedicate substantial resources to proceedings that may become unnecessary, or may have to be duplicated" depending on the outcome of a relevant Supreme Court decision). Indeed, the "mere possibility that a substantial amount of the court's work, if undertaken now, may shortly prove to have been unnecessary, cautions against undue haste in proceeding with this civil action." *Osten v. Frederick J. Hanna & Assocs.*, No. CA 10-254, 2011 WL 12715581, at *1 (W.D. Pa. Mar. 16, 2011) (citation and quotations omitted). This factor weighs heavily in favor of granting Defendants' request.

### B. Balance of Harms

The Court further finds that the balance of harms weighs in favor granting a stay.

Defendants maintain that proceeding with this litigation would force them to "devote their scant resources to defending an action that may be entirely moot once the Third Circuit enters its decision." *See* Doc. No. 41 at 9. Defendants further explain that simply requiring SGRV to wait for the Third Circuit's ruling is not prejudicial to them. *See id.* at 10 (citing *Vonbergen*, 2024 WL 1660537, at *2).

SGRV vehemently disagrees, arguing that Defendants' "actions throughout these proceedings, as well as their bankruptcy, have evidenced that [they] have no problem maximizing their assets to their own benefit and to the detriment of their creditors, and they should not be rewarded for such behavior now." *See* Doc. No. 42 at 8. SGRV concedes that "mere delay" alone is not prejudicial, but in this case, it argues that the Defendants' delay is part of a "deliberate scheme" to avoid liability as long as possible. *See id.* According to SGRV, it has been trying to

10

pursue this action for over two years now, but it has been "hit by roadblock after roadblock caused by the [Defendants'] dilatory tactics." *See id.*[4]

But there is no merit to SGRV's contentions. At this juncture, the Court is no position to substantiate SGRV's allegations that Defendants have misused the bankruptcy system or otherwise engaged in some sort of "scheme."[5]  Nor is it evident that Defendants have engaged in "dilatory tactics" or that their behavior in these two parallel proceedings was problematic. To the contrary, the dockets reveal that *both* Parties have zealously advocated for their interests before each court. For its part, SGRV sought to expedite its collection action here in the Eastern District of Pennsylvania. On December 21, 2021, SGRV moved to withdraw as Defendants' counsel in the New Jersey bankruptcy proceedings. *See* Doc. No. 41 at 3. Just forty days after Defendants retained a new attorney, *see id.*, SGRV not only initiated this lawsuit in an entirely new forum, but then

---

[4] SGRV additionally argued that the Defendants must demonstrate that "irreparable injury" is likely absent a stay, and they cannot do so here. *See* Doc. No. 42 at 8. But as explained above, SGRV's argument is based on its much more stringent standard—one that is more akin to a party seeking a preliminary injunction. This standard is contrary to the one that Judge Sanchez had already applied once in SGRV's favor. As such, the Court rejects this contention.

[5] For example, in its response in opposition to the instant request for a stay, SGRV explained that "[f]rom the start of their bankruptcy, one thing about Defendants has remained consistent – their willingness to misrepresent facts and manipulate the system for their own benefit." *See* Doc. No. 42 at 2. SGRV stated that during their representation, "Defendants repeatedly attempted to conceal their assets from SGRV and the Bankruptcy Court," and that "SGRV tried to correct Defendants' improper behavior." *See id.*

The Court is *no* position to address these concerns. However, the undersigned observes that SGRV's accusations are noticeably absent from SGRV's own Complaint allegations. *See* Doc. No. 2. In its Complaint, SGRV alleged that it performed several services on behalf of the Defendants, those services were billed on an hourly basis, and that Defendants consistently praised their attorney for her work. *See id.* at ¶¶ 10, 11, and 13. SGRV never alleged that the Defendants "repeatedly attempted to conceal their assets from SGRV," or otherwise engaged in questionable conduct. Rather, SGRV alleged that Defendants agreed to use their services, but never paid for them. The Court further observes that SGRV did not seek to engage in discovery as to these allegations, and instead immediately moved for summary judgment just two days after filing its Complaint. *See* Doc. No. 3.

11

immediately moved for summary judgment two days later. *See* Doc. Nos. 2 and 3. Defendants responded by opposing these measures in several different, but legitimate manners. This included seeking a stay of this case, and the filing of several motions before the New Jersey bankruptcy court. When Defendants received a favorable bankruptcy ruling, which threatened the viability of SGRV's collection action, this Court entered a stay to enable SGRV to pursue its appellate rights. Now that the situation is reversed, and Defendants are pursuing their own appellate rights, Defendants are simply asking the Court to do the same thing once more.

In short, the Court cannot conclude that Defendants' actions amount to "dilatory tactics." SGRV may of course be frustrated that it cannot move more quickly on its Complaint, but they have presented no evidence that additional delay would prejudice their interests. *See Quad/Tech, Inc. v. Q.I. Press Controls B.V.*, 2010 WL 11474403, at *1 (E.D. Pa. June 9, 2010) (granting defendant's request for a stay where the plaintiff "has advanced no prejudice argument other than delay in pursuing the suit."). By contrast, requiring Defendants to spend more time, money, and resources litigating a lawsuit that may become moot based on the Third Circuit's ruling would cause a significant hardship. *See Stokes*, 2016 WL 9711699, at *1 ("Defendant would suffer a hardship if forced to expend significant resources in litigating this case, since the decision in *Spokeo* may impact the viability of this lawsuit or affect the parameters of the classes Plaintiff seeks to represent.") (internal quotes and citation omitted). As such, the balance of harms also weighs in favor of granting a stay.

### C.  Duration of the Requested Stay

Finally, the Court finds that the duration of the requested stay weighs against granting Defendants' request. But this determination does not compel the Court to deny Defendants' motion, as it is just one of the factors to be considered.

Neither Party directly addressed this issue in their briefing. But it is evident that the requested stay would be in place until the Third Circuit issues a decision on Defendants' appeal. As of the date of this Memorandum Opinion, Defendants had only just filed their brief in support of their appeal on July 24, 2024, with Plaintiff's response due thirty days later. *See In re: Louie Joseph Aquilino and Robin Aquilino*, Apr 30, 2024 (No. 24-1781). It is impossible to know how quickly the Third Circuit will resolve these issues, and such an unknown duration weighs against granting the stay. *See Cirulli*, WL 545572, at *3 (finding that a stay of unknown duration lies in favor of denying the stay).[6]

However, as explained at length above, the interests of judicial economy and the balance of harms "clearly outweigh the uncertainty of the pending duration." *Id.* (citation omitted). As such, Defendants' request for a stay pending the resolution of their appeal is granted. *See Nicolas*, 2017 WL 6514662, at *4 (granting stay pending an appeal to Third Circuit, despite noting that the stay "would be for an uncertain and significant period of time, lasting potentially a year or more," but also expressing that the court is "encouraged that a briefing schedule has already been sent in the Third Circuit.").[7]

---

[6] The undersigned further observes that the U.S. Trustee filed an amicus brief on July 31, 2024, arguing against the District of New Jersey's decision in this matter. *See In re: Louie Joseph Aquilino and Robin Aquilino*, Apr 30, 2024 (No. 24-1781, Doc. No. 24).

[7] SGRV also opposed Defendants' request for a stay on the grounds that they failed to follow the Federal Rules of Appellate Procedure ("FRAP"). *See* Doc. No. 42 at 5-6. According to SGRV, Defendants' appeal before the Third Circuit is challenging the decision of the District of New Jersey, and therefore, under FRAP 8 they were required to file their request with the District of New Jersey or with the Third Circuit directly. *See id.* at 6. Indeed, SGRV maintains that "[t]here is no authority to seek a stay in any other court, such as this one." *See id.* at 5.

But this argument confuses the issue. Defendants have not moved this Court for a stay of the proceedings before the New Jersey bankruptcy court or district court. They are seeking a stay of SGRV's lawsuit here in the Eastern District of Pennsylvania. This is not an unusual, or even uncommon request, and the Third Circuit has explained "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp.,* 544 F.2d at 1215. (citation omitted). Indeed,

13

## III. CONCLUSION

For the foregoing reasons, Defendants' request for a stay pending the resolution of their appeal in the Third Circuit Court of Appeals, *see* Doc. No. 41, is GRANTED. An appropriate Order follows.

BY THE COURT:

*s/Pamela A. Carlos*
PAMELA A. CARLOS
U.S. Magistrate Judge

---

that has already happened once with these very same proceedings. As such, Plaintiff's contention is without merit.